(No. 846—Claim denied.)

MARY E. JANECZKO, ADMINISTRATRIX OF THE ESTATE OF MICHAEL W. JANECZKO, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 19, 1927.*

RESPONDEAT SUPERIOR—*when State not liable.* The State is not liable for the negligence of its employees, agents or officers.

MORTON J. STEVENSON, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim brought to recover on account of an accident occurring to Michael W. Janeczko which occurred on October 14, 1923, and resulted in the death of the said Michael W. Janeczko. It appears that deceased on said date was driving along a paved road known as the Higgins road near Chicago in Cook county, Illinois, and his car slipped or slid overturning and crushing to death the deceased.

It appears further by allegations that this particular stretch of road over which the accident occurred, or the cement part of it, had been completed and traffic permitted to go on it. However the shoulders of the road appeared not to be finished and at the point where the accident occurred, it is claimed there were ditches. There is some controversy however as to the depth or extent of the ditches. It appears further that workmen had been drawing dirt across the cement roadway at this point and had cleaned the dirt from the cement however as far as the same could be taken off by the scraper and that there was some of the dirt remaining on the cement roadway when a rain occurred preceding the accident causing, it is alleged, a particularly slippery place at the point of the accident, the completed cement being eighteen feet wide at the point of accident.

This court considers that it is well settled by the courts of this State and it has been announced repeatedly by this court "that the doctrine of *respondeat superior* does not apply to the State, counties, townships, etc." and that the State is not liable for the misfeasance, wrongs or negligence of its officers, agents or servants. Therefore this case cannot be

considered from the viewpoint of any legal liability on the part of the State. This rule must control in this case. Therefore if there should be any question considered here as to an allowance to the claimant, it should be considered from the viewpoint of equity and good conscience.

From all the evidence in this case we find first, that before deceased came to the point where the accident occurred he was confronted with signs reading "Danger, Slow, Men Working", and although it was Sunday and there were no workmen in sight, these signs were sufficient to cause an ordinarily prudent person to proceed very cautiously and it is further assumed by the court that a person driving a car and exercising the ordinary care and caution for his safety, would observe this particular wet or muddy place on the highway, and if it appeared to him to be dangerous to pass, taking into consideration the ditches on the shoulders of the road, he could stop, turn around or back out. This thought is suggested whether or not the car was being driven slowly and carefully. One of the witnesses testified that from the marks on the pavement after the accident that the tires had slipped along the pavement 150 feet or thereabouts before the car went off the side of the pavement into the ditch. This would indicate that the car must have been driven at a considerable rate of speed. It would appear to the court from the evidence last mentioned and from a reasonable deduction of all the circumstances and reasoning that can be considered in this case in addition to the fact of the signs giving danger warning that there is considerable quality of assumed risk manifest in this case.

It is further considered by the court that from all the facts and circumstances that this case cannot be considered under the rule of equity and good conscience. Therefore, it is recommended by this court that this claim be disallowed.